**Opinion filed May 25, 2017**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-15-00084-CR

_____

## HECTOR JOSE SUBIA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. 42,618**

## MEMORANDUM OPINION

The jury convicted Hector Jose Subia of aggravated assault by using or exhibiting a deadly weapon, aggravated assault of a peace officer by using or exhibiting a deadly weapon, and burglary of a habitation with the intent to commit aggravated assault. The jury found two enhancement paragraphs to be true and assessed his punishment at confinement for ten years and a fine of $5,000 for the offense of aggravated assault by using or exhibiting a deadly weapon, confinement for eighty years and a $10,000 fine for the offense of aggravated assault of a peace officer, by using or exhibiting a deadly weapon, and confinement for sixty-five years

and a fine of $10,000 for the offense of burglary of a habitation with the intent to commit aggravated assault. Appellant presents one point of error on appeal.

In Appellant's sole point of error, he argues that the trial court erred when it had him appear before the jury dressed in jail clothing during the punishment phase of trial. Appellant contends that Appellant's appearance in jail clothes impermissibly infringed upon his presumption of innocence for the commission of the extraneous offenses presented and, thus, violated his due process right to a fair trial.

The State argues that Appellant has not preserved this point of error for appellate review. We agree with the State. When a trial court forces a defendant to appear at trial in jail clothes, it might thereby impinge upon the presumption of innocence afforded to an accused. *Calamaco v. State*, 462 S.W.3d 587, 597 (Tex. App.—Eastland 2015, pet. ref'd) (citing *Lantrip v. State*, 336 S.W.3d 343, 351 (Tex. App.—Texarkana 2011, no pet.)). However, a defendant who does not desire to wear jail attire must timely object. *Id.* Appellant concedes that he did not at any time object to the clothing worn during the punishment phase of trial. Further, there is no evidence in the record that suggests that the trial court forced Appellant to wear jail attire. Accordingly, Appellant has not preserved this point of error for our review. Appellant's sole point of error is overruled.

We affirm the judgments of the trial court.

JIM R. WRIGHT
CHIEF JUSTICE

May 25, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2